UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEJANDRO ANGUIANO, | ) | |
| | ) | |
| Petitioner, | ) | 16 C 150 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| VICTOR CALLOWAY, Acting Warden, Danville Correctional Center, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND ORDER

Alejandro Anguiano, an Illinois state prisoner, petitions for a writ of habeas corpus. Doc. 1. The Warden has moved to dismiss the petition, arguing that Anguiano failed to comply with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). Doc. 17. The motion is granted, the petition is dismissed, and a certificate of appealability is denied.

### Background

Anguiano was convicted of delivering a significant quantity of cocaine and sentenced to fifteen years in prison. *People v. Anguiano*, 2011 WL 10068767, at *1 (Ill. App. Feb. 25, 2011) (reproduced at Doc. 17-3). The Appellate Court of Illinois affirmed the conviction on February 25, 2011. *Id*. at *5. Anguiano did not file a petition for leave to appeal ("PLA") with the Supreme Court of Illinois. Doc. 1 at 3.

On May 16, 2011, Anguiano filed a state post-conviction petition. Doc. 17-4 at 12. The state trial court denied the petition, and the state appellate court affirmed. *People v. Anguiano*, 4 N.E.3d 483 (Ill. App. 2013) (reproduced at Doc. 17-7). Anguiano filed a PLA, Doc. 17-8, which the state supreme court denied on January 28, 2015. *People v. Anguiano*, 23 N.E.3d 1202 (Table) (Ill. 2015) (reproduced at Doc. 17-9). On April 9, 2015, Anguiano filed a certiorari

1

petition with the United States Supreme Court. Doc. 23 at 4. The certiorari petition was denied on October 5, 2015. *Anguiano v. Illinois*, 136 S. Ct. 48 (2015).

On December 23, 2015, Anguiano signed the present habeas petition. Doc. 1 at 15.

**Discussion**

Section 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Subject to the exceptions set forth in § 2244(d)(1)(B)-(D), which Anguiano does not invoke and which do not apply here, § 2244(d)(1)(A) states that "[t]he limitation period shall run from … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Gonzalez v. Thaler*, 132 S. Ct. 641, 652 (2012) ("AEDPA establishes a 1-year limitations period for state prisoners to file for federal habeas relief, which 'run[s] from the latest of' four specified dates.") (quoting 28 U.S.C. § 2244(d)(1)); *Socha v. Boughton*, 763 F.3d 674, 678 (7th Cir. 2014) (noting that the limitations period "runs from the date when the judgment becomes final by the expiration of the time for seeking direct review"). In Illinois, a party seeking review of an adverse state appellate court judgment has 35 days to file a PLA with the state supreme court. *See* Ill. Sup. Ct. R. 315(b). Because he did not file a PLA from the state appellate court's decision on direct review, Anguiano's conviction became final on April 1, 2011, which was 35 days after the state appellate court's February 25, 2011 decision.

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Forty-four non-tolled days passed between April 1, 2011 and May 16, 2011, when

2

Anguiano filed his post-conviction petition and § 2244(d)(2) tolling commenced. The Warden contends that the tolling ceased on January 28, 2015, when the state supreme court denied Anguiano's PLA. Doc. 17 at 4. Anguiano counters that the Warden ignores "over 90 days of tolled time" that should be credited due to his filing of a certiorari petition. Doc. 23 at ¶ 5.

The Warden is correct that § 2244(d)(2) tolling ceased on January 28, 2015. As the Supreme Court explained in *Lawrence v. Florida*, 549 U.S. 327 (2007):

> [T]he statute of limitations is tolled only while state courts review the application. … State review ends when the state courts have finally resolved an application for state postconviction relief. … The application for state postconviction review is therefore not "pending" after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.

*Id*. at 332; *see also Socha*, 763 F.3d at 678 (holding that tolling "does not include the time during which certiorari may be sought in the U.S. Supreme Court"); *Taylor v. Michael*, 724 F.3d 806, 808 (7th Cir. 2013) ("[A] certiorari petition from post-conviction review does *not* toll the time limit or otherwise act as a grace period.").

Under these tolling rules, Anguiano's petition must be dismissed as untimely. As noted, 44 days of non-tolled time elapsed between his conviction becoming final on April 1, 2011, and his filing of a state post-conviction petition on May 16, 2011. An additional 328 days elapsed between the state supreme court's January 28, 2015 denial of his post-conviction PLA and his signing his federal habeas petition on December 23, 2015, which the Warden deems and the court will deem to be the filing date.[*] Thus, a total of 372 days (not counting the day that the

---

[*] The Warden contends that 45 days of non-tolled time, not 44 days, passed during the earlier period. Doc. 17 at 4. That is incorrect. As noted, the state appellate court affirmed Anguiano's conviction on February 25, 2011. Pursuant to Illinois Supreme Court Rule 315(b), Anguiano had 35 days to file a petition for leave to appeal. That time is calculated pursuant to 5 ILCS 70/1.11,

petition is deemed filed) of non-tolled time elapsed between Anguiano's conviction becoming final and the filing of his federal habeas petition, rendering his petition untimely.

There is one wrinkle. Both the Warden's motion to dismiss and Anguiano's counseled post-conviction appellate court brief identify May 16, 2011 as the date that Anguiano's post-conviction petition was filed. Doc. 17 at 4; Doc. 17-4 at 12. Anguiano's habeas petition identifies that filing date as May 9, 2011. Doc. 1 at 4. However, by not pressing the May 9, 2011 date and implicitly accepting the May 16, 2011 date in responding to the motion to dismiss, Anguiano forfeited the point. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted);

---

which provides: "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute." *See also Brown v. Chandler*, 2013 WL 6198182, *3 n.1 (N.D. Ill. Nov. 27, 2013) (using 5 ILCS 70/1.11 to compute time of state law proceedings for purposes of a federal habeas petition). Thus, excluding the day his conviction was affirmed, Anguiano had until April 1, 2011 to file a PLA, which is when his conviction became final. Civil Rule 6(a) governs the computation of time in federal civil proceedings, and provides that "the day of the event that triggers the [time] period" is excluded from the calculation. Fed. R. Civ. P. 6(a)(1)(A). Applying that rule, the first non-tolled day was April 2, 2011, not April 1, 2011. Tolling resumed on May 16, 2011, when Anguiano filed his state post-conviction petition. *See Pierson v. Dormire*, 484 F.3d 486, 495 n.8 (8th Cir. 2007) ("Because Pierson filed his motion on April 13, 2000, we note that only two days lapsed between April 10 [when his conviction became final] and April 13."), *vacated in part on other grounds by Pierson v. Dormire*, 276 F. App'x 541, 542 (8th Cir. 2008). Thus, there were 29 non-tolled days in April and fifteen non-tolled days in May, for a total of 44 non-tolled days. Similarly, the Warden is incorrect that 329 non-tolled days passed between the denial of Anguiano's post-conviction PLA on January 28, 2015, and his filing of his federal habeas petition on December 23, 2015. The correct total for that period, with the non-tolled time beginning to run on January 29, 2015 and the last non-tolled day being December 22, 2015, is 328 days.

4

*Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (applying forfeiture to a *pro se* litigant).

In any event, the discrepancy is immaterial, as a May 9, 2011 filing date still would leave 365 days of non-tolled time, with the 365th non-tolled day being December 22, 2015, a Tuesday. The statute of limitations expires under § 2244(d)(1) when "365 countable days have … elapsed from the time [a petitioner's] state-court judgment became final to the time he filed his federal habeas petition." *Ray v. Clements*, 700 F.3d 993, 1008 (7th Cir. 2012). Even assuming that he filed his state post-conviction petition on May 9, 2011, Anguiano filed his federal habeas petition on the 366th non-tolled day (December 23, 2015), rendering the petition untimely. *See Davidson v. McKune*, 191 F. App'x 746, 748 (10th Cir. 2006) ("Mr. Davidson's petition is untimely, having been filed on the 366th day.") (unpublished) (citable pursuant to 10th Cir. R. 32.1(A)).

For these reasons, the Warden's motion to dismiss is granted and Anguiano's petition is dismissed. Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." When a petition is dismissed as untimely, a certificate of appealability should issue only if reasonable jurists would find the petition's timeliness "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the untimeliness of Anguiano's petition is not debatable, a certificate of appealability is denied. *See ibid.* ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

**Conclusion**

The Warden's motion to dismiss is granted, Anguiano's federal habeas petition is dismissed, and a certificate of appealability is denied. Anguiano's motion to amend his federal habeas petition, which seeks to add substantive claims, Docs. 22, 24, is denied as moot because the petition would remain untimely even if it included the new claims.

September 6, 2016

United States District Judge